Chief Judge Marsha J. Pechman

1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

9

10

11

12

13

| | |
|---|---|
| IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION<br><br>Action Pending in:<br>United States District Court, Southern District of New York (11-md-02293-DLC) | Case No. 12-mc-00186-MJP<br><br>**NOTICE OF MULTIDISTRICT LITIGATION** |

14    Amazon.com, Inc. ("Amazon") moved on Friday to quash a non-party subpoena served

15 on it by defendants in a consolidated multidistrict litigation ("MDL") pending before The

16 Honorable Denise Cote in the Southern District of New York.  In a highly confidential

17 submission, defendants requested permission from Judge Cote, also on Friday, to move to

18 compel Amazon's compliance with that same subpoena.  Defendants respectfully request that

19 this Court transfer Amazon's motion to Judge Cote so that it can be considered with related

20 issues in the MDL.

21

22    It is common for the court handling an MDL litigation to resolve discovery disputes

23 arising from subpoenas served in other districts.  Federal law provides that an MDL judge may

24 "exercise the powers of a district judge in any district for the purpose of conducting pretrial

25 depositions in such coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(b).  The

26

NOTICE OF MULTIDISTRICT LITIGATION - 1
CASE NO. 12-MC-00186-MJP

1    vast majority of federal courts to consider the issue have interpreted Section 1407(b) as

2    conferring jurisdiction on the MDL judge over disputes relating to non-party document

3    subpoenas. *See., e.g., U.S. ex. rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.*, 444 F.3d

4    462, 469 n. 4 (6th Cir. 2006) ("the rationale underlying the MDL statute . . . requires the

5    conclusion that Section 1407(b)'s grant of authority applies to both deposition subpoenas and

6    documents-only subpoenas"); *In re Welding Rod Prods. Liab. Litig.*, 406 F. Supp. 2d 1064,

7    1066–7 (N.D. Cal. 2005) (transferring motion to quash document subpoena to MDL judge, who

8    was "readily familiar with the underlying issues" and explaining that "most courts" apply

9    Section 1407(b) to document subpoenas); *In re Subpoenas Served on Wilmer, Cutler &*

10   *Pickering and Goodwin Proctor LLP*, 255 F. Supp. 2d 1, 2 (D.D.C. 2003) (remitting motion to

11   quash subpoena duces tecum to MDL judge, who was "already familiar with [the] massive

12   litigation" and had consented to hearing motions to quash).[1]  The sole case cited by Amazon,

13   *SEC v. CMKM Diamonds, Inc.*, 656 F.3d 829 (9th Cir. 2011), is inapposite because it did not

14   involve an MDL and has nothing to do with Section 1407(b).

15        There are clear efficiencies in having a single court adjudicate discovery disputes in an

16   MDL such as this, involving 30 different actions from 3 different districts.  Furthermore, Judge

17   Cote has presided over these actions for approximately nine months, she is familiar with the

18   issues and parties in the case, and she already has presided over discovery disputes on related

---

[1]  Three years before the holding in *In re Welding*, another court in the Northern District of California held that Section 1407(b) does not apply to document subpoenas. *See VISX, Inc. v. Nidek Co.*, 208 F.R.D. 615, 616 (N.D. Cal. 2002).  But several courts have criticized and disagreed with the holding in *VISX*. *See In re Welding*, 406 F. Supp. 2d at 1066 (explaining that *VISX*'s holding does not comport with the purpose of Section 1407 and is contrary to the weight of authority); *U.S. ex rel. Pogue v. Diabetes Treatment Centers of America, Inc.*, 238 F. Supp.2d 270, 275 (D.D.C. 2002) (disagreeing with *VISX* because most courts have extended Section 1407 to the enforcement of document subpoenas); *HCA, Inc. v. U.S. ex rel. Pogue*, No. 3:02-MC-0047, 2002 WL 31953748, at *4 (M.D. Tenn. Nov. 21, 2002) (disagreeing with *VISX*'s holding because it contained "little analysis of the purpose of section 1407(b) or other case law" and finding the reasoning of contrary cases "more persuasive").

NOTICE OF MULTIDISTRICT LITIGATION - 2
CASE NO. 12-MC-00186-MJP

1   issues in the MDL—including another dispute between two parties that relates to Amazon. The

2   parties, recognizing these efficiencies, agreed in their Initial Report that Judge Cote would "to

3   the full extent allowed by law . . . hear any discovery disputes regarding non-party subpoenas

4
    served in connection with the actions, including motions to quash or modify and motions to
5
6   compel." (Attached as Exhibit A.) In reviewing this section of the draft Joint Initial Report at a

7   status conference, Judge Cote confirmed that she was "happy" to "exercise jurisdiction over

8   discovery disputes." (*See* Transcript of 6/22/2012 Status Conference (attached as Exhibit B) at

9   28:5–9.) Accordingly, defendants, as required by Judge Cote's rules, have filed a pre-motion

10  letter bringing the dispute with Amazon before the MDL court.

11
        For these reasons, defendants respectfully request that this Court transfer the present
12
    dispute to Judge Cote to be considered as part of the MDL.
13
14      DATED: September 17, 2012.

15                                  By  *s/Christopher B. Wells*
                                         Christopher B. Wells, WSBA No. 08302
16                                       wellsc@lanepowell.com

17                                  By  *s/Michelle K. Peterson*
                                         Michelle K. Peterson, WSBA No. 33598
18                                       petersonm@lanepowell.com

19                                       LANE POWELL PC
20                                       1420 Fifth Avenue, Suite 4100
                                         Seattle, WA  98101
21                                       (206) 223-7000

22                                       *Attorneys for Apple Inc.*

23

24

25

26
    NOTICE OF MULTIDISTRICT LITIGATION - 3
    CASE NO. 12-MC-00186-MJP

1

<u>**CERTIFICATE OF SERVICE**</u>

2       The undersigned certifies under penalty of perjury under the laws of the State of

3  Washington, that on the 17th day of September, 2012, the document attached hereto was

4  presented to the Clerk of the Court for filing and uploading to the CM/ECF system.   In

5  accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court

6  will send e-mail notification of such filing to all CM/ECF participants and any non-CM/ECF

7  participants will be served in accordance with the Federal Rules of Civil Procedure.

8  Majorie Alison Walter
KIPLING LAW GROUP PLLC
9  3601 FREMONT AVENUE N
STE 414
10  SEATTLE, WA 98103
206-545-0347
11  Email: walter@kiplinglawgroup.com

12  ☑     by **CM/ECF**
☐     by **Electronic Mail**
13  ☐     by **Facsimile Transmission**
☐     by **First Class Mail**
14  ☐     by **Hand Delivery**
☐     by **Overnight Delivery**
15

16  Michael E Kipling
KIPLING LAW GROUP PLLC
3601 FREMONT AVENUE N
17  STE 414
SEATTLE, WA 98103
18  206-545-0345
Fax: 206-545-0350
19  Email: kipling@kiplinglawgroup.com

20  ☑     by **CM/ECF**
☐     by **Electronic Mail**
21  ☐     by **Facsimile Transmission**
☐     by **First Class Mail**
22  ☐     by **Hand Delivery**
☐     by **Overnight Delivery**
23

24                                        *s/ Peter C. Elton*
25                                         Peter C. Elton

26

NOTICE OF MULTIDISTRICT LITIGATION - 4
CASE NO. 12-MC-00186-MJP