1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11 | IN RE ELECTRONIC BOOKS ANTITRUST LITIGATION

| Case No.

12

Action Pending in:
United States District Court, Southern District
of New York (11-md-02293-DLC)

| **MOTION TO QUASH OR MODIFY SUBPOENA DUCES TECUM**

13

14

**NOTED FOR CONSIDERATION:
FRIDAY, OCTOBER 5, 2012**

15

16

17

18

19

20

21

22

23

24

25

26

27

MOTION TO QUASH OR MODIFY SUBPOENA DUCES
TECUM
(_____)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................ 1

II.    BACKGROUND ................................................................................................. 1

    A.    Amazon's Prior Document Production Was Substantial ........................ 2

    B.    The Areas of Dispute ........................................................................... 3

III.   ARGUMENT .................................................................................................... 4

    A.    Apple Has Ignored Its Obligations Under FRCP 45 ............................. 4

    B.    The Discovery Sought By Apple Is Unduly Burdensome And Expensive ........... 5

    C.    The Subpoena Seeks Information That Is Not Relevant to the Litigation ............. 7

    D.    The Subpoena Seeks Trade Secrets And Confidential Commercial Information ........................................................................... 8

    E.    As A Nonparty, Amazon Is To Be Protected From Significant Expense ............. 11

IV.   CONCLUSION ................................................................................................ 12

MOTION TO QUASH OR MODIFY SUBPOENA DUCES
TECUM - i
(_____)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

1

2

# TABLE OF AUTHORITIES

## Cases

3 *Am. Needle, Inc. v. Nat'l Football League*, __ U.S. __, 130 S. Ct. 2201 (2010)...........................2

4 *Amazon.com LLC v. Lay*, 758 F. Supp. 2d 1154 (W.D. Wash. 2010) ........................................2

5

6 *Arista Records LLC v. Lime Group LLC*, 2011 U.S. Dist. LEXIS 22426
  (W.D. Wash. 2011) ...............................................................................................5, 6, 11

7 *Centurion Industries, Inc. v. Warren Steurer & Associates*, 665 F.2d 323
  (10th Cir. 1981)..............................................................................................................11

8

9 *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44 (S.D.N.Y. 1996)....................................5

10 *Crandall v. City & County of Denver*, 2007 U.S. Dist. LEXIS 96770 (D. Colo. 2007)...............13

11 *Cusumano v. Microsoft Corp.*, 162 F.3d 708 (1st Cir. 1998) .......................................................6

12 *Dart Industries Co. v. Westwood Chemical Co.,* 649 F.2d 646 (9th Cir. 1980) .........................6, 8

13 *Fashion Originators' Guild of Am. v. FTC*, 312 U.S. 457 (1941)................................................9

14 *Fears v. Wilhelmina Model Agency, Inc.*, 2004 U.S. Dist. LEXIS 5575 (S.D.N.Y. 2004) ...........5

15 *First Am. Corp. v. Price Waterhouse LLP*, 184 F.R.D. 234 (S.D.N.Y. 1998) .............................13

16 *Four Star Capital Corp. v. Nynex Corp.,* 183 F.R.D. 91 (S.D.N.Y. 1997) .................................10

17 *FTC v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411 (1990)................................................8

18 *Gonzalez v. Google, Inc.*, 234 F.R.D. 674 (N.D. Cal. 2006) ......................................................11

19

20 *Grand River Enters. Six Nations v. King,* 2009 U.S. Dist. LEXIS 11504
  (S.D.N.Y. 2009) .............................................................................................................11

21 *In re eBay Seller Antitrust Litigation*, 2009 U.S. Dist. LEXIS 123714
  (W.D. Wash. 2009) ...................................................................................................6, 10

22

23 *In re Electronic Books Antitrust Litigation*, 2012 U.S. Dist. LEXIS 68058
  (S.D.N.Y. 2012) ...............................................................................................................1

24 *In re Exxon Valdez,* 142 F.R.D. 380 (D.D.C. 1992) ..................................................................14

25 *In re Law Firms of McCourts & McGrigor Donald*, 2000 U.S. Dist. LEXIS 20287
  (S.D.N.Y. 2000) .............................................................................................................14

26

27 *Instituform Techs., Inc. v. Cat. Contracting, Inc.*, 914 F. Supp. 286 (N.D. Ill. 1996)..................6

MOTION TO QUASH OR MODIFY SUBPOENA DUCES
TECUM - ii
(_____)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

*Jack Frost Lab. v. Physicians & Nurses Mfg. Corp.*, 1994 U.S. Dist. LEXIS 261
(S.D.N.Y. 1994) ........................................................................................ 6

*Laxalt v. McClatchy*, 116 F.R.D. 455 (D. Nev. 1986) ..................................... 7

*Linder v. Calero-Portocarrero*, 251 F.3d 178 (D.C. Cir. 2001) ............................ 13, 14

*Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792 (9th Cir. 2003) ..................... 11

*Moon v. SCP Pool Corp.*, 232 F.R.D. 633 (C.D. Cal. 2005) ............................ 8

*Northeast Women's Ctr., Inc. v. McMonagle*, 1987 U.S. Dist. LEXIS 14083
(E.D. Pa. 1987) ........................................................................................ 7

*Polycast Tech. Corp. v. Uniroyal, Inc.*, 1990 U.S. Dist. LEXIS 12444 (S.D.N.Y. 1990) ............. 8

*Premier Election Solutions, Inc. v. SysTest Labs Inc.*, 2009 U.S. Dist. LEXIS 94193
(D. Colo. 2009) ........................................................................................ 11

*SEC v. CMKM Diamonds, Inc.*, 656 F.3d 829 (9th Cir. 2011) ........................ 5

*Simplex Manufacturing Co. v. Chien*, 2012 U.S. Dist. LEXIS 124625 (W.D. Wash. 2012) ......... 5

*U.S. v. CBS, Inc.*, 103 F.R.D. 365 (C.D. Cal. 1984) ..................................... 10

*U.S. v. Columbia Broadcasting System, Inc.*, 666 F.2d 364 (9th Cir. 1982) ................... 14

*U.S. v. IBM*, 83 F.R.D. 97 (S.D.N.Y. 1979) ................................................... 7, 8

*U.S. v. Socony-Vacuum Oil Co., Inc.*, 310 U.S. 150 (1940) ........................... 8, 9

*Zenith Radio Corp. v. Matsushita Electric Industr. Co.*, 529 F. Supp. 866
(E.D. Pa. 1981) ........................................................................................ 10, 11

**Other Authorities**

Advisory Committee Note to 1991 Amendment to FRCP 45 ................................... 11

**Rules**

FRCP 26 ........................................................................................................ 5, 8

FRCP 45 ........................................................................................................ passim

MOTION TO QUASH OR MODIFY SUBPOENA DUCES
TECUM - iii
(_____)

# I.    INTRODUCTION

Amazon.com ("Amazon") seeks an order quashing or modifying the subpoena *duces tecum* issued from this Court on July 6, 2012 at the request of Apple, Inc. ("Subpoena"), a defendant in multiple lawsuits pending in the U.S. District Court for the Southern District of New York ("the Litigation").[1]  The Subpoena itself is extremely overbroad and burdensome, particularly with respect to a non-party such as Amazon that has *already reviewed and produced thousands of documents and a vast amount of highly confidential, anonymized data pursuant to Civil Investigative Demands issued by the Department of Justice and Texas Attorney General* in connection with their investigations of a conspiracy among Apple and certain publishers to fix prices for eBooks.[2]  Notwithstanding its prior production, Amazon has engaged in a lengthy meet-and-confer process with Apple.  But Apple continues to insist on a wide-ranging and burdensome production that includes Amazon's "confidential development and commercial information" without any showing of a substantial need for the material.  Moreover, Apple refuses to reimburse Amazon for the reasonable costs of compliance on those points where the parties have agreed (FRCP 45(c)(2)(B)(ii)), and has made no effort to "avoid imposing undue burden or expense" on Amazon.  For all these reasons, Amazon requests that the Court quash or modify the Subpoena as detailed in Amazon's accompanying proposed Order.

# II.    BACKGROUND

The Subpoena was issued in connection with several civil antitrust lawsuits (*see* fn. 1), which allege that Apple and five of the six largest U.S. book publishers conspired to fix the prices of electronic books ("eBooks").  *See In re Electronic Books Antitrust Litigation*, 2012 U.S. Dist. LEXIS 68058, at *3 (S.D.N.Y. 2012) ("Order on MTD").  The complaints filed by the DOJ and State AGs, as well as the consolidated class complaint, contain remarkably detailed and

---

[1]  A copy is attached as Ex. A to the Declaration of Michael E. Kipling ("Kipling Dec."), filed herewith; the cases are:  *U.S. v. Apple, Inc., et al.*, No. 12-cv-02826 (DLC); *Texas v. Penguin Group (USA), Inc., et al.*, No. 12-cv-03394 (DLC); *In re Electronic Books Antitrust Litigation*, No. 11-md-002293 (DLC).

[2]  Amazon has also responded at length to document and information demands from the Office of Fair Trading in the UK and the European Commission in conjunction with their respective investigations of the same anticompetitive activities by Apple and the publishers in Europe ("European Investigations").  Kipling Dec., ¶ 5.

---

MOTION TO QUASH OR MODIFY SUBPOENA DUCES
TECUM - 1
(_____)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

compelling allegations as to the formation and conduct of a horizontal price-fixing conspiracy. *See id.*, **3-19.  In denying motions to dismiss in the class actions, the District Court ruled that the conspiracy alleged would be *per se* illegal:  "Apple and the Publisher Defendants' agreement in restraint of trade is unlawful per se because it is, at root, a horizontal price restraint."  *Id.*, *37. In approving the DOJ's settlement with several Publisher Defendants, the court again noted that "[t]he Complaint alleges a straightforward, horizontal price-fixing conspiracy[.]"  *U.S. v. Apple, Inc.*, 2012 U.S. Dist. LEXIS 127034, *20 (S.D.N.Y. 2012) ("Order on Settlements").[3]

## A.    Amazon's Prior Document Production Was Substantial

Amazon already has produced a substantial volume of discovery relevant to the Litigation, which has since been made available to Apple.  Prior to filing complaints, the DOJ and the Texas AG conducted lengthy formal investigations; the State of Connecticut also investigated eBook pricing.  *See* Order on MTD, *19.  In connection with these investigations, Amazon responded to three Civil Investigative Demands ("CIDs"), as well as to other more targeted requests from the regulators.  Kipling Dec., ¶ 4.  Amazon interviewed witnesses; collected, reviewed and produced thousands of documents; and responded to repeated requests for highly sensitive data, all at substantial expense.  *Id.*, ¶ 6.  The material already produced includes the most sensitive, high-level planning documents regarding Amazon's eBook business; a massive amount of extremely sensitive, anonymized[4] data regarding Amazon's sales of eBooks and physical books aggregated on a weekly basis; non-privileged documents relating to Amazon's negotiations and communications with the Defendant Publishers; and other confidential, internal documents relating to the impact of the conspiracy.  *Id.*, ¶ 7.  This production was expensive, costing Amazon hundreds of thousands of dollars in legal fees and

---

[3]  The Court has indicated elsewhere that the case may also proceed at trial on a rule of reason theory (6/22/12 Transcript, pp. 19-20 (Kipling Dec., Ex. B)), but if so it would likely be found illegal after a "quick look."  *See* Order on MTD, **59-60 ("Here, where the core of the plaintiffs' allegation is that the Publisher Defendants engaged in a horizontal conspiracy to raise prices and decrease retail competition, with Apple as the central payer coordinating and facilitating the agreement, it is presumed that the conduct by all parties would be unlawful under the rule of reason."); *see also Am. Needle, Inc. v. Nat'l Football League*, __ U.S. __, 130 S. Ct. 2201, 2217 (2010).

[4]  Amazon has not, and will not, produce any information or data that identifies specific customers.  *Amazon.com LLC v. Lay*, 758 F. Supp. 2d 1154, 1167-69 (W.D. Wash. 2010).

MOTION TO QUASH OR MODIFY SUBPOENA DUCES
TECUM - 2
(_____)

fees to the ediscovery vendor retained to process, search, redact and store the electronic

production. Responding to the European Investigations (*see* fn. 2, above) added significantly to

Amazon's burden. *Id.*, ¶ 6. Subsequently, in late June 2012, DOJ produced all documents and

data gathered during its investigation, including all material provided by Amazon, to Apple and

the other Parties; Amazon understands that the AGs have since produced all documents they

received from Amazon that were not in the DOJ production. *Id.*, ¶ 8.

Notwithstanding the prior production, on July 6, 2012 Apple served Amazon with a

subpoena *duces tecum* seeking a massive new document and data production. Kipling Dec., Ex.

A. The Subpoena plows much of the same ground as the CIDs, but also adds burdensome and

highly intrusive new requests for documents and data, some of which have little to no relevance

to the issues in the Litigation. *Id.*, ¶ 9. It became clear from early discussions with Apple's

counsel that they had not even reviewed the prior production before serving the Subpoena; even

after Amazon pointed out that much of the key data and the significant documents from the

critical time period had already been produced, Apple insisted that the earlier production was

inadequate and that the search for responsive documents must be repeated. *Id.*, ¶ 10. Amazon

timely served objections to the Subpoena on July 20, 2012. *Id.*, ¶ 11.[5]

**B.  The Areas of Dispute**

Despite the burden imposed by the Subpoena, its view that the earlier production of

documents and data should suffice, and the extreme competitive sensitivity of material requested,

Amazon has agreed through the meet-and-confer process to produce the following, so long as

Amazon is compensated for vendor and attorneys' fees:

- Detailed, anonymized data on a per-transaction level regarding every eBook and physical book sale since the launch of the Kindle store in November 2007 (together these data sets include hundreds of millions of transactions);
- Non-privileged documents from the files of the key custodians (Russ Grandinetti, Steve Kessel, David Naggar, Laura Porco) regarding communications and negotiations with

---

[5]  On July 25, 2012 Amazon was served with another subpoena *duces tecum*, issued by the Class Plaintiffs in the MDL on behalf of all Plaintiffs ("Plaintiffs' Subpoena"). The Plaintiffs' Subpoena overlaps to a great degree with Apple's Subpoena, but it is significantly less burdensome, and Plaintiffs—to date—have been more reasonable in working constructively to mitigate the burden on Amazon. Kipling Dec., ¶ 15.

MOTION TO QUASH OR MODIFY SUBPOENA DUCES
TECUM - 3
(_____)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

the Publisher Defendants and the impact of the conspiracy;
- Copies of all agency agreements between Amazon and any publisher, and any communications with publishers regarding agency;
- Copies of any communications between Amazon and any regulator regarding the conspiracy challenged in the Litigation;
- Communications between the publishers and Amazon's CEO, Jeff Bezos; and
- Copies of all non-privileged documents produced to the European Commission, including all materials produced to the UK's Office of Fair Trading.

Kipling Dec., ¶ 12.  Amazon is not willing, however, to produce the additional documents Apple insists on receiving:  Amazon's internal documents regarding its device (i.e., Kindle) business, its publishing business, or other documents that reveal its non-public, forward looking strategies. Amazon also refuses to produce documents that would reveal the precise methods it uses to set the price for eBooks.  As discussed below, these documents are extremely confidential and competitively sensitive, particularly here where the parties demanding them are among Amazon's most significant competitors in these lines of business.  At the same time, these materials are not relevant to the conspiracy claims asserted in the Litigation.  Apple cannot show a "substantial need" for this material "that cannot be otherwise met without undue hardship." FRCP 45(c)(3)(C)(i).  Apple and Amazon have reached an impasse over these issues; Amazon has set forth the precise relief it is seeking in the accompanying proposed order.

## III.    ARGUMENT

### A.    Apple Has Ignored Its Obligations Under FRCP 45

Rule 45 is unequivocal.  The party issuing a subpoena "must take reasonable steps to avoid imposing an undue burden on the person subject to the subpoena." FRCP 45(c)(1).  If the issuing party fails to take such steps and the subpoena imposes an undue burden on the responding party, then the Court "must quash or modify" the subpoena.  FRCP 45(c)(3); *Simplex Manufacturing Co. v. Chien*, 2012 U.S. Dist. LEXIS 124625, at *7 (W.D. Wash. 2012) ("Simplex made no good faith attempt to narrow the scope of the document subpoenas.  The court will accordingly quash [them].").  Moreover, the Court "must protect a person who is neither a party nor a party's officer from significant expense." FRCP 45(c)(2)(B)(ii). The issuing

MOTION TO QUASH OR MODIFY SUBPOENA DUCES
TECUM - 4
(_____)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

court, not the court where the underlying action is pending, is where a motion to quash or modify must be brought. *SEC v. CMKM Diamonds, Inc.*, 656 F.3d 829 (9th Cir. 2011); *see also* FRCP 45(c)(3)(A) (noting that "issuing court must quash or modify a subpoena").

The Court may consider a number of factors in determining whether a subpoena imposes an undue burden, including the breadth of the document request, the burden and expense of the production, relevance, and the need of the party for the requested documents. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50 (S.D.N.Y. 1996) ("[T]o the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable."); *see also Arista Records LLC v. Lime Group LLC*, 2011 U.S. Dist. LEXIS 22426, at \*\*6 -7 (W.D. Wash. 2011); *Fears v. Wilhelmina Model Agency, Inc.*, 2004 U.S. Dist. LEXIS 5575, at \*2 (S.D.N.Y. 2004) ("[T]he Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on [a] non-party."). Further, "[a] party should not be permitted to seek information from a non-party that they can obtain or have obtained from the opposing party, and that is not relevant to the underlying case. . . . Because the documents requested . . . can better be obtained from Plaintiffs or have little relevance to [pending] case, Defendants' need to enforce the subpoena is outweighed by the burden to Amazon." *Arista Records*, at \*\*3-4 (citing *Instituform Techs., Inc. v. Cat. Contracting, Inc.*, 914 F. Supp. 286, 287 (N.D. Ill. 1996)); *In re eBay Seller Antitrust Litigation*, 2009 U.S. Dist. LEXIS 123714, at \*7 (W.D. Wash. 2009) (Judge Jones quashed competitor's FRCP 45 subpoena, noting that "the record suggests that Amazon's competitively sensitive information is likely to be, at best, marginally more valuable than the evidence already in eBay's possession.").

**B.    The Discovery Sought By Apple Is Unduly Burdensome And Expensive**

It is doubtful whether a document request of this magnitude would survive an FRCP 26 challenge by a *party*; it is clearly overly intrusive and burdensome as to a nonparty such as Amazon. It is well-established that nonparties enjoy greater protection from discovery than do the parties:

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

While discovery is a valuable right and should not be unnecessarily restricted . . . , the 'necessary' restriction may be broader when a nonparty is the target of discovery. As one district court has noted, '[t]here appear to be quite strong considerations indicating that discovery would be more limited to protect third parties from harassment, inconvenience, or disclosure of confidential documents.'

*Dart Industries Co. v. Westwood Chemical Co.*, 649 F.2d 646, 649 (9th Cir. 1980); *see also Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs."); *Jack Frost Lab. v. Physicians & Nurses Mfg. Corp.*, 1994 U.S. Dist. LEXIS 261, at *7 (S.D.N.Y. 1994) ("The most obvious burden is borne by the non-party witness, and we are instructed to be particularly sensitive to any prejudice to non-litigants drawn against their will into the legal disputes of others."); *Northeast Women's Ctr., Inc. v. McMonagle*, 1987 U.S. Dist. LEXIS 14083, at *15 (E.D. Pa. 1987) ("Discovery should be more limited to protect nonparty deponents from harassment, inconvenience or disclosure of confidential documents."); *Laxalt v. McClatchy*, 116 F.R.D. 455, 458 (D. Nev. 1986).

Even if it were modified as Amazon requests, the burden in complying with the Subpoena will be substantial. Apple's demands would greatly increase that burden, requiring Amazon to pull and process electronically stored information ("ESI") from a dozen custodians, including several in-house attorneys and custodians with responsibilities ranging far afield of the eBook business (including Amazon's CEO and an employee involved solely in the device side of the business); retain a vendor to process the ESI and "filter" it with overly broad search terms; review the hits for responsiveness and privilege; and, ultimately, to produce a large quantity of documents, many of which are marginally relevant at best. (This is in addition to producing the massive amount of sensitive and highly detailed anonymous data regarding eBook and pBook sales to which Amazon already has agreed.) The cost of complying with the Subpoena in the manner to which Amazon has conditionally agreed might exceed the cost of complying with the three CIDs discussed above, because here the scope is greater, the time period covered is longer, and the search terms more onerous. Complying with Apple's demands as to the Subpoena would

MOTION TO QUASH OR MODIFY SUBPOENA DUCES
TECUM - 6
(_____)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

1    likely cost Amazon several times more than it has already spent.  Kipling Dec., ¶¶ 6, 14.

2    **C.    The Subpoena Seeks Information That Is Not Relevant to the Litigation**

3    "[T]o the extent a subpoena sweepingly pursues material with little apparent or likely

4    relevance to the subject matter it runs the greater risk of being found overbroad and

5    unreasonable."  *U.S. v. IBM*, 83 F.R.D. 97, 106 - 07 (S.D.N.Y. 1979); *see also Moon v. SCP Pool*

6    *Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005) (citing *IBM* and *Dart Industries*, and finding that

7    discovery requests to a nonparty were "overbroad on [their] face and exceed[] the bounds of fair

8    discovery").  That is particularly true when discovery is sought from a nonparty.  *Polycast Tech.*

9    *Corp. v. Uniroyal, Inc.*, 1990 U.S. Dist. LEXIS 12444, at *7 (S.D.N.Y. 1990) ("[N]on-party

10   witnesses may be subject to somewhat greater protection against costly but marginally relevant

11   discovery than are the parties.").  Much of the discovery sought is irrelevant to the

12   "straightforward, horizontal price-fixing conspiracy" claims in the Litigation; it appears instead

13   that Apple's primary motive is to harass Amazon and to force disclosure of its trade secrets.

14   Apple and the Publisher Defendants apparently intend to argue that their price-fixing

15   agreement was justified in response to alleged "predatory, monopoly pricing" by Amazon.  *See,*

16   *e.g.*, Order on MTD, at *56.  But, even if this were so (which Amazon denies), it would not

17   constitute a defense, nor would it make relevant the disputed discovery.  Antitrust defendants

18   cannot attempt to justify a price-fixing conspiracy on the grounds that they were trying to avoid

19   some greater "competitive evils":

20       Any combination which tampers with price structures is engaged in an unlawful activity.
         . . . Congress has not left with us the determination of whether or not particular price-
21       fixing schemes are wise or unwise, healthy or destructive.  It has not permitted the age-
         old cry of ruinous competition and competitive evils to be a defense to price-fixing
22       conspiracies.  *It has no more allowed genuine or fancied competitive abuses as a legal*
         *justification for such schemes than it has the good intentions of the members of the*
23       *combination.*  If such a shift is to be made, it must be done by the Congress.  Certainly
24       Congress has not left us with any such choice.

25   *U.S. v. Socony-Vacuum Oil Co., Inc.,* 310 U.S. 150, 221 – 22 (1940) (emphasis added); *see also,*

26   *e.g.*, *FTC v. Superior Court Trial Lawyers Ass'n*, 493 U.S. 411, 421-22 (1990) ("[I]t is not our

27   task to pass upon the social utility or political wisdom of price-fixing agreements."); *see also*

MOTION TO QUASH OR MODIFY SUBPOENA DUCES
TECUM - 7
(_____)

Order on Settlements, at *47:

> [E]ven if Amazon was engaged in predatory pricing, this is no excuse for unlawful price-fixing. . . . The familiar mantra regarding 'two wrongs' would seem to offer guidance in these circumstances.

The same fundamental principle applies whether the underlying claims are *per se* illegal (as in the preceding cases) or subject to the rule of reason. Competitors may not "take the law into their own hands" to collectively punish an economic actor whose conduct displeases them, even if they believe that conduct to be illegal. *See Fashion Originators' Guild of Am. v. FTC*, 312 U.S. 457, 467-68 (1941) (rejecting defendants' argument that their conduct "is not within the ban of the policies of the Sherman and Clayton Acts because the practices . . . were reasonable and necessary to protect the manufacturer, laborer, retailer and consumer against" practices they believed violated the law (internal quotation omitted)). Thus, as a matter of law, it is immaterial whether the defendants actually feared a "monopoly" by Amazon, or whether this was the reason for their decision to enter a conspiracy. More to the point, it matters not if their fear was "genuine or fancied," which undermines Apple's argument for access to Amazon's internal documents. *Socony-Vacuum Oil*, 310 U.S. at 221. Intrusive discovery into Amazon's business practices is not relevant to the claims or defenses of any party in the Litigation and, coupled with the unquestioned burden it would impose, makes the Subpoena unreasonably burdensome. FRCP 45(c)(1). In any event, to the extent that the Parties actually need information from Amazon regarding damages or the anticompetitive effects of the conspiracy, that need is more than met by the massive amount of data (including price and cost, anonymized) regarding every eBook sale since the launch of the Kindle store that Amazon already has agreed to produce.[6]

**D. The Subpoena Seeks Trade Secrets And Confidential Commercial Information**

FRCP 45(c)(3)(B) provides an independent basis for quashing or modifying the Subpoena: "To protect a person subject to or to be affected by a subpoena, the issuing court

---

[6] Kipling Dec., ¶ 13. It is also worth noting that the experts for the State plaintiffs were able to analyze the effects of the conspiracy with data alone. *See* Mem. In Supp. of Plf. States' Mot. for Prelim. Approval of Settlements, Appendix E (S.D.N.Y. No. 12-cv-6625, docket no. 11, att. 6) (Kipling Dec., Ex. C).

MOTION TO QUASH OR MODIFY SUBPOENA DUCES TECUM - 8
(_____)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information."  There can be no dispute that the additional information sought by Apple would require Amazon to disclose highly sensitive competitive information of the type that is protected under this Rule.  *See, e.g.*, *Zenith Radio Corp. v. Matsushita Electric Industr. Co.*, 529 F. Supp. 866 (E.D. Pa. 1981) (FRCP 26(c)(7) "is broad enough to include a wide variety of business information.")[7]; *Four Star Capital Corp. v. Nynex Corp.,* 183 F.R.D. 91, 110 (S.D.N.Y. 1997).

Amazon's concerns are especially acute because the parties here include Apple – Amazon's competitor – and the publishers with whom it negotiates contracts and competes through its own publishing business.  As this Court previously noted in similar circumstances, a subpoena is not a proper vehicle for obtaining confidential business information:

> [T]he court does not doubt that Amazon has information that would be of value to the parties in the antitrust litigation.  The same can be said of non-party competitors in any antitrust litigation.  Nothing, however, compels a competitor who wishes to stay outside the fray . . . to let the litigants rummage through its files, particularly its confidential files.

*In re eBay Seller Antitrust Litigation*, 2009 U.S. Dist. LEXIS 123714, at **11-12; *see also Mattel Inc. v. Walking Mt. Prods*., 353 F.3d 792, 814 (9th Cir. 2003); *U.S. v. CBS, Inc.*, 103 F.R.D. 365, 368 (C.D. Cal. 1984) ("The need to protect the Nonparty Witnesses from disclosure of this information was particularly acute in this case because the defendants and the Nonparty Witnesses are direct competitors and customers.").

Under FRCP 45(c)(3)(C)(i), the Court *may* compel production of trade secrets or confidential information, but only if Apple were to show a "substantial need" for the material "that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated."  *Gonzalez v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006), quoting FRCP 45(c)(3)(B); *see also Centurion Industries, Inc. v. Warren Steurer & Associates*, 665 F.2d 323, 325 (10th Cir. 1981) (once it is established that discovery involves trade secrets then "the burden shifts to the party seeking discovery to

---

[7]  This clause in FRCP 45 "corresponds to Rule 26(c)(7)."  Comments to 1991 Amendments to FRCP 45.

MOTION TO QUASH OR MODIFY SUBPOENA DUCES
TECUM - 9
(_____)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON  98103
telephone (206) 545-0345
fax (206) 545-0350

establish that the disclosure of trade secrets is relevant and necessary to the action."); *Premier Election Solutions, Inc. v. SysTest Labs Inc.*, 2009 U.S. Dist. LEXIS 94193, at *22 (D. Colo. 2009). Apple cannot make such a showing as to the documents in dispute in this Motion.

(1) Amazon's internal documents that relate solely or primarily to devices, including eReaders. As the Court is surely aware, Apple and Amazon compete head-to-head in the development and sale of eReaders, including tablet computers and dedicated readers. Amazon's internal documents regarding these devices would reveal engineering and business strategy, costs and pricing strategies and forward-looking plans and strategies. Declaration of John Lange, ¶ 2, filed herewith ("Lange Dec."). These documents are obviously highly sensitive and confidential, because they reveal or "may be extrapolated and interpreted to reveal [Amazon's] current strategy, strengths, and weaknesses." *Matsushita*¸ 529 F. Supp. at 891*; see also Grand River Enters. Six Nations v. King,* 2009 U.S. Dist. LEXIS 11504, at *26 (S.D.N.Y. 2009); *see, also, Arista,* at *6 (Amazon's internal documents have little probative value as to the conduct of the parties, or their state of mind.).[8]

(2) Amazon's "pricing algorithm" for eBooks: The algorithms and the precise methodologies employed by Amazon to determine retail prices (on eBooks and other items) are among the company's most highly-guarded trade secrets. Access to such information is restricted even within the company. Lange Dec., ¶ 4. To the extent that the parties need evidence of economic effects of the conspiracy, and assuming they obtain similar data from other retailers, they will have transaction-level data regarding the vast majority of eBook sales in the U.S. since the launch of eBooks. Kipling Dec., ¶ 13. Armed with such data, the parties will be able to perform any market analyses they wish. Indeed, experts for the States were able to calculate the impact of the conspiracy with a fraction of this information. *Id. See* fn. 6, above. As such, there is no "substantial need" for the material "that cannot be otherwise met without undue hardship," while the potential harm to Amazon from disclosure is enormous.

---

[8] *A fortiori*¸ Amazon cannot be compelled to produce documents that would reveal its forward-looking strategies in other lines of business, but the files of Jeff Bezos (its CEO) and a key member of its technology team would be rife with such documents.

MOTION TO QUASH OR MODIFY SUBPOENA DUCES
TECUM - 10
(_____)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

(3) Non-public information regarding Amazon's eBook and publishing businesses: The data that Amazon has agreed to produce includes information showing the publisher of each eBook sold; as such, Apple will be able to see how many eBooks published by Amazon or by authors using Amazon's self-publishing platform have been sold. Apple's insistence that Amazon also search its files and produce internal documents regarding those lines of business goes too far. Such documents would reveal Amazon's current and forward-looking strategies and its strengths and weaknesses in a line of business in which it competes with the Defendants. Lange Dec., ¶ 3. In any event, non-public information regarding Amazon's publishing and self-publishing businesses has no relevance to any claims or defenses in the Litigation.

**E.    As A Nonparty, Amazon Is To Be Protected From Significant Expense**

Once an objection is made, Rule 45 requires that the court "*must* protect a person who is neither a party nor a party's officer from significant expense resulting from compliance[.]" FRCP 45(c)(2)(B)(ii) (emphasis added); *see also* Advisory Committee Note to 1991 Amendment to FRCP 45, comment regarding subdivision (c) ("A non-party required to produce documents or materials is protected against significant expense resulting from involuntary assistance to the court."); FRCP 45(c)(3)(C)(ii). "It is the Court's obligation to protect any person who is not a party to the underlying lawsuit from significant expense resulting from the inspection and copying which was commanded pursuant to Rule 45. . . . *The rule is mandatory.*" *Crandall v. City & County of Denver*, 2007 U.S. Dist. LEXIS 96770, at *2 (D. Colo. 2007). If the costs incurred by a nonparty are significant, "the court must protect the non-party by requiring the party seeking discovery to bear at least enough of the expense to render the remainder 'non-significant.'" *Linder v. Calero-Portocarrero*, 251 F.3d 178, 182 (D.C. Cir. 2001).

Here, Amazon will incur substantial costs in complying with the portions of the Subpoena to which it has agreed, including vendor fees for collecting and processing the documents, both before and after attorney review.[9] More significantly, because of the sensitivity

---

[9]  Compliance would also require substantial additional time and effort on the part of Amazon's employees, but Amazon does not seek reimbursement for those costs.

MOTION TO QUASH OR MODIFY SUBPOENA DUCES
TECUM - 11
(_____)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

of the materials demanded, Amazon will be forced to incur substantial legal fees in connection

with the review and designation of the documents to be produced.  Kipling Dec., ¶ 14.  Courts

have rejected a narrow reading of Rule 45, holding that it requires reimbursement not only of the

direct costs of processing and copying of documents, but in appropriate circumstances also

requires reimbursement of legal fees incurred in connection with the required production.  *See*

*First Am. Corp. v. Price Waterhouse LLP,* 184 F.R.D. 234, 241 (S.D.N.Y. 1998); *In re Law*

*Firms of McCourts & McGrigor Donald,* 2000 U.S. Dist. LEXIS 20287, at **7-8 (S.D.N.Y.

2000).  FRCP 45 does not require that the requesting party bear the entire cost in every case.  But

it is important to recall that Amazon already has incurred substantial costs in responding to the

CID, and that Apple has received the benefit of that production without any compensation to

Amazon.  Thus, Apple should bear the incremental cost of Amazon's compliance with the

Subpoena.

Other factors that have been considered in determining how much of the production

expense a requesting party should bear include "whether the nonparty actually has an interest in

the outcome of the case, whether the nonparty can more readily bear the costs than the requesting

party, and whether the litigation is of public importance."  *First Am. Corp.,* 184 F.R.D. at 241;

*Linder*, 180 F.R.D. at 177; *In re Exxon Valdez,* 142 F.R.D. 380, 383 (D.D.C. 1992).  These

factors support an award to Amazon of at least a substantial percentage of any expenses it incurs

in responding to the Subpoena.  Even if it were true, as Defendants have argued elsewhere, that

Amazon might ultimately benefit from the government's lawsuit, that fact alone does not require

Amazon to bear the expense of the parties' discovery.  *U.S. v. Columbia Broadcasting System,*

*Inc.,* 666 F.2d 364, 372 (9th Cir. 1982).

## IV.    CONCLUSION

For all these reasons, Amazon respectfully requests that the Court quash or modify the

Subpoena such that Amazon may comply fully by producing the data and documents described

in detail in the accompanying [Proposed] Order Quashing and Modifying Subpoena.

MOTION TO QUASH OR MODIFY SUBPOENA DUCES
TECUM - 12
(_____)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

DATED this 14th day of September, 2012.

s/ Michael E. Kipling
Michael E. Kipling, WSBA #7677

s/ Marjorie A. Walter
Marjorie A. Walter, WSBA #40078

KIPLING LAW GROUP PLLC
3601 Fremont Avenue N., Suite 414
Seattle, WA 98103
206.545.0345
206.545.0350 (fax)
E-mail: kipling@kiplinglawgroup.com
E-mail: walter@kiplinglawgroup.com

*Counsel for Amazon.com, Inc.*

MOTION TO QUASH OR MODIFY SUBPOENA DUCES
TECUM - 13
(_____)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON 98103
telephone (206) 545-0345
fax (206) 545-0350

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**CERTIFICATE OF SERVICE**

I do hereby certify that on this 14th day of September, 2012, I caused to be served a true

and correct copy of the foregoing *Motion to Quash or Modify Subpoena Duces Tecum* by method

indicated below and addressed to the following:

Christopher Wells                                    *Delivery Via:*
Lane Powell PC                                       [  ] U.S. Mail
1420 Fifth Avenue, Suite 4100                        [  ] Overnight Mail
Seattle, WA 98101                                    [  ] Facsimile
Telephone:  (206) 223-7084                           [  ] Hand Delivery
Email:  wellsc@lanepowell.com                        [ X ] E-Mail Only
                                                     [  ] CM/ECF


Andrew Frackman                                      *Delivery Via:*
Edward N. Moss                                       [  ] U.S. Mail
O'Melveny & Myers LLP                                [  ] Overnight Mail
Times Square Tower                                   [  ] Facsimile
7 Times Square                                       [  ] Hand Delivery
New York, NY 10036                                   [ X ] E-Mail Only
Telephone:  (212) 728-5671                           [  ] CM/ECF
Email:  afrackman@omm.com
Email:  emoss@omm.com


DATED this 14th day of September, 2012.


s/ Michael E. Kipling
Michael E. Kipling, WSBA #7677
KIPLING LAW GROUP PLLC
3601 Fremont Avenue N., Suite 414
Seattle, WA 98103
206.545.0345
206.545.0350 (fax)
E-mail:  kipling@kiplinglawgroup.com

*Counsel for Amazon.com, Inc.*

MOTION TO QUASH OR MODIFY SUBPOENA DUCES
TECUM - 14
(_____)

KIPLING LAW GROUP PLLC
3601 FREMONT AVE N, SUITE 414
SEATTLE, WASHINGTON  98103
telephone (206) 545-0345
fax (206) 545-0350